Turley, J.
delivered the opinion of the court.
There are several questions presented for the consideration of the court on behalf of the plaintiff in error. 1. It is said, that there is not a particle of evidence in the record to show the cause of action, or upon what the verdict of the jury was rendered. This is no objection, for if there were no testimony to warrant the finding of the jury, a bill of exceptions should have been filed in behalf of the Bank, showing that it was so. 'The presumption is always in favor of the judgment, and in the absence of a bill of exceptions, a court of errors must pronounce that it was rendered upon sufficient proof. The warrants are in the usual form “to answer the plaintiff in a plea of debt, under fifty dollars, due by note.” And it never has been considered, that in such cases the note becomes a part of the record, though filed by the justice, until it has been made so by a bill of exceptions, in fact, it has been held, that it does not.
2. It has been said, that a justice of the peace has no jurisdiction against a corporation. This is true in all cases, where an appearance must be entered before a judgment can. *230 be taken; because a corporation can only be forced to appear by a distringas, which a justice of the peace cannot issue.
The practice of the common law courts of England, and of the courts of New York, from whence the precedents in favor of the proposition contended for, are drawn, is of this character. A judgment by default can only be taken for want of a plea, not for want of an appearance. This is not, nor has been, the practice of the courts of Tennessee.
Judgmenis by default have always been taken for want of appearance, as well as for want of plea. This practice applies as well to corporations as individuals; and therefore, there is no necessity for a distringas against a corporation, notice being sufficient to warrant a judgment against it, in default of appearance.
3. It is said, that a portion of the warrants were served by a deputy sheriff, who has no authority to execute process issued by a justice of the peace, and that the motion to quash for this reason ought to have been sustained.
To this objection there are two answers. 1. The objection only applies to a part of the warrants, not to the whole, and at the first term of the circuit court, to which the appeal was prosecuted, they were, upon application of the Bank, consolidated into one case, and the case was continued. At the next term, the motion to quash for the cause assigned was made. This could only be done, by undoing what had been done at the previous term, at the request of the plaintiff in error, to wit, .separating the suits which had been consolidated; it was too late to make the motion, the motion to consolidate had waved it.
2. We think deputy sheriffs have the right to serve process issued by a justice of the peace, and this, perhaps, more by long custom than by actual law. In England, the sheriff of the county is the head of the constabulary force; he appoints them, is responsible for their acts, takes bond from them to himself, hence the word bumbailiff, viz. bond-bailiff. This being the case, it necessarily followed, that he might serve any process, which his inferior agents might serve. This practice was no doubt introduced into North Carolina from England, and from North Carolina to Tennessee, al *231 though the power of tbe appointment of bailiffs or constables was taken from the sheriff and vested elsewhere. And irf confirmation of this supposition, although we find no law au-thorising a sheriff or his deputy to serve process, issued by a justice of the peace, yet we find laws, making them res^ ponsible for not doing so and making due return thereof.
4. It is said, there was no authority for the circuit court, to enter a judgment for twelve and a half per cent, damages upon the appeals from the justice of the peace.
We think that the acts of 1823, c 54, § 3, authorises this amount of damages. It says that in all appeals hereafter to be taken from an inferior to a superior jurisdiction, when the judgment of the inferior jurisdiction shall be affirmed, the plaintiff shall recover, in addition to the judgment of the court below, at the rate of twelve and a half per cent, per annum thereon, up to the time of the rendition of the judgment in the court above. The justice’s court is certainly an inferior jurisdiction, and the circuit court a superior one.
5. It is said the judgment is erroneous in being entered up against W. S. Pickett, for the whole amount claimed against the Bank, when he was surety only for a part of the appeals. This objection is well taken, and the judgment must be reversed and rendered against the persons properly liable for the payment of the same.